IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**JONATHON C. HOOD v. ROBERT BAGGETT, CIRCUIT COURT CLERK**

**Appeal from the Circuit Court for Franklin County**
**Nos. 17294 & 17295**

_____

**No. M2018-00336-CCA-R3-HC**

_____

Appellant, Jonathan C. Hood, appeals the trial court's summary dismissal of his petition seeking habeas corpus relief. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

TIMOTHY L. EASTER, J. delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, JJ. joined.

Jonathon C. Hood, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia Lee, Senior Counsel, for the appellee, Robert Baggett.

**MEMORANDUM OPINION**

Appellant is appealing the trial court's order dismissing his second petition for a writ of habeas corpus. The record and Appellant's brief have been filed. In response, the State has filed a motion to affirm the ruling of the trial court pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, said motion is hereby granted.

On April 26, 2007, Appellant pled guilty to two counts of driving under the influence ("DUI"), fifth offense, and received an effective five-year sentence, with one year to serve and the remainder suspended to probation. Appellant was also fined a total $6000. The Appellant did not appeal. However, he subsequently moved the trial court to discharge the fines imposed. The trial court denied that motion and Appellant appealed. This Court dismissed the appeal, however, because the Rules of Appellate Procedure do

not provide for an appeal as of right from the denial of a motion to discharge fines. *Jonathon C. Hood v. State*, No. M2009-00661-CCA-R3-PC, 2010 WL 3244877, at *1 (Tenn. Crim. App. Aug. 18, 2010), *perm. app. denied*, (Tenn. Nov. 15, 2010).

Appellant then filed his first habeas corpus petition in 2013. In it, he argued "that when his sentences expired, his judgments became void and, thus, that his having to continue to pay fines is an impermissible restraint on his liberty." *Jonathon C. Hood v. State*, No. M2013-01655-CCA-R3-HC, 2014 WL 1831034, at *1 (Tenn. Crim. App. May 6, 2014), *perm. app. denied* (Tenn. Aug. 26, 2014). In affirming the trial court's summary dismissal of Appellant's first habeas corpus petition, this Court reiterated that "habeas corpus relief is not available when a petitioner has been assessed a fine but is not incarcerated" because "[t]he assessment of a fine upon a defendant does not constitute imprisonment or restraint within the meaning of [the habeas corpus statute]." *Id.* (citation omitted). The Court continued: "[m]oreover, the issue of a fine has no application to the question of whether the trial court was without jurisdiction to sentence the defendant or that the defendant's sentence has expired." *Id.* (citation omitted).

Appellant advanced the same issue in his second habeas corpus petition as he did in the first. The trial court recognized as much by dismissing the second petition on res judicata grounds. As noted above, this Court has already dispatched the argument advanced by Appellant. Accordingly, that determination is binding in this proceeding. *See Antonio L. Sweatt v. State*, No. M1999-01300-CCA-R3-PC, 2000 WL 255328 at *1 (Tenn. Crim. App. Mar. 6, 2000), *perm. app. denied* (Tenn. Oct. 16, 2000). Thus, the trial court did not err in summarily dismissing the Appellant's second habeas corpus petition.

Accordingly, the ruling of the trial court is hereby affirmed in accordance with Court of Criminal Appeals Rule 20.

_____
TIMOTHY L. EASTER, JUDGE

2